UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

      Plaintiff,

vs.

Twenty-Nine Thousand Eight Hundred
Dollars ($29,800.00) in U.S. Currency,

      Defendant *in rem*.

_____/

Civil Case No.: 23-cv-12630
Honorable

## **COMPLAINT FOR FORFEITURE**

NOW COMES Plaintiff, the United States of America, by and through Dawn N. Ison, United States Attorney for the Eastern District of Michigan, and K. Craig Welkener, Assistant United States Attorney, and states upon information and belief in support of this Complaint for Forfeiture *in rem* that:

## **JURISDICTION AND VENUE**

1.  This is an *in rem* civil forfeiture action pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A).

2.     The Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. § 1345 as this action is being commenced by the United States of America as Plaintiff.

3.     This Court has *in rem* jurisdiction and venue over this forfeiture action, pursuant to 28 U.S.C. § 1355(b)(1)(A), as acts giving rise to the forfeiture occurred in the Eastern District of Michigan.

4.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in the Eastern District of Michigan.

5.     Venue is also proper before this Court pursuant to 28 U.S.C. § 1395(b), as the Defendant *in rem* was found and seized in the Eastern District of Michigan.

## DEFENDANT *IN REM*

6.     The Defendant *in rem* in this action is Twenty-Nine Thousand Eight Hundred Dollars ($29,800.00) in U.S. Currency (hereinafter "Defendant Currency") seized by law enforcement officers at the Detroit Metropolitan Airport on or about May 2, 2023.

7.     The Defendant Currency is in the custody of the Drug Enforcement Administration agency.

## STATUTORY BASIS FOR CIVIL FORFEITURE

8.      Title 21, United States Code, Section 881(a)(6), governs the

civil forfeiture of property which constitutes or is derived from the

proceeds of narcotics crimes, or which was used to facilitate narcotics

crimes:

> The following shall be subject to forfeiture to the
> United States and no property right shall exist in
> them. . . .[a]ll moneys, negotiable instruments,
> securities, or other things of value furnished or
> intended to be furnished by any person in
> exchange for a controlled substance or listed
> chemical in violation of this subchapter, all
> proceeds traceable to such an exchange, and all
> moneys, negotiable instruments, and securities
> used or intended to be used to facilitate any
> violation of this subchapter.

9.      In addition, Title 18, United States Code, Section

981(a)(1)(A) provides for the civil forfeiture to the United States of any

property, real or personal, involved in a transaction or attempted

transaction in violation of various money laundering statutes: sections

1956 and 1957 of Title 18, or any property traceable to such property.

## FACTUAL BASIS FOR CIVIL FORFEITURE

10.    The Defendant Currency was seized from an individual

named David Turner, as part of an investigation into drug trafficking

and money laundering by the U.S. Drug Enforcement Administration (DEA).

11.    The DEA has been investigating drug trafficking and money laundering in the Detroit area, including individuals charged in Eastern District of Michigan Criminal Case No. 22-cr-20507, *United States v. Andre Pharr et al. See* ECF 1 in Case No. 22-cr-20507 (Indictment).

12.    As part of that investigation, the DEA learned that on May 2, 2023, David Turner purchased a one-way airline ticket for travel from Detroit, Michigan to Los Angeles, California on Spirit Airlines Flight NK947 scheduled to depart on May 2, 2023, at 9:25PM.

13.    The DEA knew that Turner was in active communication with several targets in active DEA Detroit investigations, including Clifford Jones Jr., a defendant in Case No. 22-cr-20507.

14.    Turner resides in California, and the drug trafficking group that included Jones and others regularly conducted drug trafficking transactions with people in California, to include drug purchases.

15.    Officers have learned through training and experience that the following characteristics present in this case may be indicative of

narcotics and/or bulk cash smuggling: the destination, Los Angeles, California is a source city for narcotics; nervous behavior prior to entering and/or while on the jet-way, and tickets purchased on the same day of travel. Although any one of these characteristics, circumstances, or conduct in and of itself is not indicative of drug trafficking or bulk currency smuggling, the presence of all of these factors together is consistent with drug traffickers and/or money couriers.

16.    Two DEA Officers met Turner at the airport on May 2, 2023 at approximately 9 pm.  Pointing to Turner's black luggage bag bearing tag #0487368942, Task Force Office (TFO) Weiss asked Turner "Did you pack this bag yourself?" to which Turner responded "Yes."

17.    TFO Weiss asked Turner, "About how much currency are you traveling with?" Turner responded, "Less than 10,000". TFO Weiss asked Turner, "Can I search your bag?" Turner responded, "Yeah, go ahead". TFO Weiss asked Turner, "Can you unlock the padlock?" Turner responded, "Yeah".  Turner removed a key from his pocket and unlocked the luggage bag.

18.    Inside the bag was Defendant Currency—$29,800.  TFO Weiss asked Turner numerous questions about the cash, including for

any proof that the source of the funds was legitimate, such as paycheck stubs, bank account information, or a W-2.  Turner could not provide, and did not offer to provide, and such information.

19.    Turner claimed that he brought the money from California, and gambled some at the casino.  But he also could not provide any proof that he had been at the casino, and he denied that he had made the funds while gambling at the casino.

20.    Based on the DEA's total investigation, and the facts included above, the Government believes this money to be narcotics proceeds, as well as property involved in money laundering in violation of 18 U.S.C. §§ 1957 and 1956.

## CLAIM

21.    Plaintiff re-alleges and incorporates by reference each allegation contained in the prior paragraphs.

22.     The Defendant Currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6) because it is property which was furnished or was intended to be furnished in exchange for a controlled substance in violation of Title 21 of the United States Code, and/or because it constitutes proceeds traceable to such an exchange, and/or

because it represents moneys used or intended to be used to facilitate a violation of Title 21 of the United States Code.

23.    The Defendant Currency is also forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) because it is property involved in transaction(s) or attempted transaction(s) in violation of sections 1956 and 1957 of Title 18, or property traceable to such property.

## **RELIEF**

WHEREFORE Plaintiff, the United States of America, respectfully requests that a Warrant of Arrest for the Defendant Currency be issued; that notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring that the Defendant Currency be condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

//

//

//

Respectfully submitted,

DAWN N. ISON
United States Attorney


*/s/ K. CRAIG WELKENER*
K. CRAIG WELKENER (DC 1033585)
U.S. Attorney's Office
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
(313) 269-4796
Dated: October 18, 2023        Email: kenton.welkener@usdoj.gov

## **VERIFICATION**

I, Jacob G. Weiss, state that I am a Task Force Officer with the U.S. Drug Enforcement Administration.  I have read the foregoing Complaint for Forfeiture and declare under penalty of perjury that the facts contained therein are true and correct based upon knowledge possessed by me and/or upon information received from other law enforcement officers.

_____
Jacob G. Weiss, Task Force Officer
U.S. Drug Enforcement Administration

Dated:  October 17, 2023

9